THE CITY OF LEAVENWORTH AGT. THOMAS CASEY.

*Corporations—Municipal: Streets: Sewers: Agent: Officer: Ordinance.*

1. Under the charter of 1855 (Statutes of 1855, pp. 841, 842), the city of Leavenworth is fully authorized to grade her streets, construct sewers, drains, etc., within the corporate limits, and to do and to perform such acts in relation thereto, as may be necessary, just and proper to promote the best interests of the community, through and by the legally appointed officers of the city.

2. The city is invested with privileges and beneficial powers which are to be used and exercised for the benefit of those who constitute the commu-

The City of Leavenworth agt. Thomas Casey.

nity in advancement of the public weal; but, in the exercise of these privileges, the city is subject to the obligations prescribed by the law of the land in regulation and control of her acts with reference to the rights of individuals.

3. The charter does not place the city beyond the reach of responsibility for acts done or left undone by the city or her agents, by which wrong or injury may accrue to the persons or property of individuals.

4. A corporation is an artificial body created by law, which, as well as a natural person, is amenable to the laws.

5. An incorporated city is amenable to the law for acts done by her or her agents, either willfully or through negligence, to the injury of the person or property of others.

6. The city having elected to grade a street or build a sewer, is legally responsible for such damage as accrues from the wrongful and negligent manner in which the work was done by the city or her agents.

7. The city is bound to make a sewer of sufficient size to guard against accidental obstructions and extraordinary freshets, and it is no excuse for a failure so to construct it that the engineer or other person who constructed it thought it sufficient.

8. The city was bound to exercise such caution and prudence in the construction and care of the work as a discreet and cautious individual would if the whole loss or risk were to be his alone.

9. The ordinance of the corporate authorities, directing public improvements, is judicial in its nature, and extends immunity from private action for damages to those who perform the duty; but there this immunity ceases. The further prosecution of the work is purely of a ministerial character. The agents who perform it are selected by the corporate authorities, and they are bound to see that it is done in a safe and skillful manner.

10. It is the duty of a municipal corporation to build a sewer so that it will not be a nuisance to a neighborhood, as much as it is to avoid the same result by keeping it in repair after it is built.

[NOTE.—See City of Leavenworth agt. Norton, 1 Kansas, 432; Same agt. Rankin, 2 Kansas, 357; Burnes agt. City of Atchison, id., 454; State agt. Young, 3 Kansas, 445; Hines agt. City of Leavenworth, id., 186; City of Atchison agt. Butcher, id., 104; City of Atchison agt. Bartholow, 4 Kansas, 124.]

ERROR from the District Court of the First Judicial District in and for Leavenworth County.

*By the Court*—WILLIAMS, J.

Petition in error to the district court of Leavenworth county. This is an action commenced in the district court of Leavenworth county. The petition of the plaintiff was filed in the district court on the 24th day of August, 1858.

The plaintiff below complains of the defendant, in substance, as follows, viz.: That he (the plaintiff) is a citizen of the city of Leavenworth, and a tax payer—that he was, on, or about the 15th day of April, 1858, the possessor of a certain house and tenement, with a cellar under the same, and thereunto belonging, situate on the north side of Shawnee street, and between Third and Fourth streets, in the city of Leavenworth, in which he carried on the business of the keeper of a public house of entertainment and tavern keeper. That by the system of grading for the streets in the city of Leavenworth, which was adopted and carried out by defendant, Shawnee street was elevated considerably above the level of the streets intersecting it and the lots adjacent, thereby causing the necessity of a culvert under Shawnee street, to carry off the water which would otherwise, in consequence of such alteration and grading of Shawnee street, accumulate on the lots and streets lying on the north side of said street. That the alteration of the said street, between Third and Fourth streets, was made so as to raise it unnecessarily high and contrary to the rules of engineering in making grades. That by so constructing and altering the grade, and by diverting the

water from its usual and natural course, it accumulated in great quantity, and so as to flow upon and flood the premises of the plaintiff, and so inundate the same as to fill the cellar, and thereby destroy a large quantity of groceries and other goods, the property of the plaintiff then being in the said cellar. That the grading aforesaid was unnecessary, and the construction of the sewer was negligently, improperly and insufficiently made and kept by the city. That previous to the construction of the grade as aforesaid, and the making of the said sewer, the water on said street and on the lots, flowed in its usual and proper channel without injury to said premises. That by reason of the acts, the mismanagement, negligence and non-doing of the defendant, in the making and constructing of the grade of the street and the sewer aforesaid, the plaintiff was greatly hindered in his business of inn keeper and prevented from carrying on the same, and greatly injured by the destruction of his property aforesaid. The amount of damages is two thousand dollars. The usual process was thereupon issued, served and returned, in due time, on the 21st day of August, 1858. The answer of the defendant was filed. It denies the principal allegations contained in the petition, alleges that the flowing of water, as set forth in the plaintiff's petition, was caused by the elevation of the grade of the street. It admits that owing to the excessive fall of rain, at the time mentioned in plaintiff's petition, the sewer on Shawnee street was insufficient to carry off all the surplus water, but avers that it was built by the defendant in

the exercise of proper discretion and judgment, and was, in such judgment, deemed sufficient for the intended purpose.   It also contains a general denial of liability, on the part of the defendant, for any damages on account of the complaint of the plaintiff whatever.   By consent of parties the cause was continued at May term, 1859, until the 6th day of the second week of that term, and then, by consent, continued until the next term.   At August term, 1859, the cause was tried by a jury and a verdict rendered for the plaintiff for the sum of five hundred and forty-three dollars and eighty-two cents, and costs. The only questions here presented for consideration and adjudication, is as to the liability of the city of Leavenworth, in law, for damages upon the complaint of the plaintiff, as set forth in the petition in this case. The bill of exceptions, filed of record here, contains a statement of the substance of the evidence adduced on the trial before the jury, and also that portion of the charge of the judge, to which exception was taken by the attorney for the defendant below.   The evidence, as there stated, sufficiently proves the substantial and material allegations of the plaintiff's petition establishing the fact, that the plaintiff did sustain damage from the overflowing of his premises, by reason of the manner in which the street was graded and the sewer constructed, and also informing the jury of the amount of damages sustained by the plaintiff, and so caused, so that the record in this respect furnishes sufficient grounds for the finding of the jury, particularly as it does not appear that any of the evidence

was objected to by defendant's counsel, or the ruling of the court therein complained of, so far as it was concerned. But we suppose that this statement of the evidence was made a part of the bill of exceptions, to show the application and legality of the charges of the judge, as given to the jury upon the question which was raised for his decision on the trial below. It is alleged, in assignment of error here, and a reversal of the judgment of the district court sought thereon, that the judge erred in charging the jury "That the city had and has the right to grade streets, and to construct sewers and drains, but this right is subject to liability for all damages that individuals may sustain by an improper exercise of that right; and, if the city so graded Shawnee street, in front of the plaintiff's property, as necessarily to flood that property when it rains to a great depth, where it was before dry, and put in an insufficient and improper sewer to draw off the water, and it dammed up and flooded on him, and he has suffered damages thereby, the plaintiff is entitled to recover said damages." To maintain the complaint of error in this court, the attorney for the plaintiff here assumes the position that the city of Leavenworth is a body corporate in law, and that as such she is not, by her act of incorporation, vested with the power of grading the streets and constructing sewers. The act of incorporation, so far as it affects this question, is as follows, viz.:

"The mayor and city council shall have power, by ordinance, to open, alter, clean, grade, pave and keep

in repair streets, side-walks, avenues, lanes, drains and levees, to make regulations to secure the general health of the city." See Charter, Acts 1855, page 841, sec. 11. " To pass all ordinances that may become necessary to carry the provisions of this charter into effect, and also to pass any ordinance usual or necessary for the well-being of the inhabitants, and to pass and provide for the enforcement of any and all ordinances which may be deemed right and proper, not inconsistant with the constitution of the United States and the organic act of Kansas territory." Charter, Acts 1855, page 842, sec. 11. We are of the opinion that, by these provisions of her charter, the city of Leavenworth is fully authorized to grade her streets, construct sewers, drains, etc., within the corporate limits, and to do and perform such acts in relation thereto, as may be necessary, just and proper to promote the best interest of the community therein, through and by her legally appointed officers, as prescribed by the charter of incorporation. By the charter of her incorporation she is invested with privileges and beneficial powers which are to be used and exercised for the benefit of those who constitute the community, in advancement of the public weal; but, in the exercise of these privileges she, as well as all such bodies corporate, is subject to legal duty, obligation and amenability, as prescribed by the law of the land in regulation and control of her acts with reference to the individual rights of persons. The charter does not place her beyond the reach of responsibility for acts of commission or omission done or left undone, by her

or her agents, by which injury or wrong may accrue to the persons or property of individuals within her corporate jurisdiction. Such is the theory of our government. A corporation is an artificial body created by law, which, as well as a natural body or person, is amenable to the law. Like others of a similar character, existing and acting by virtue of her charter provisions, as a corporation, she is capable of suing and being sued in actions at law. In view, then, of the act of incorporation of the city, and the law of such incorporations, as established by the uniform current of judicial decision, we hold that such a body corporate is legally and justly amenable to the law in redress of wrongful acts done by her or her agents, either willfully or through negligence, to the injury of other persons or their property. The city, having elected to grade a street or build a sewer, is legally responsible for such damage as accrues from the wrongful and negligent manner in which the work was done by her or her agents. Mayor of New York agt. Furze, 3 Hill, 615–616. In this case the obligations and duty of city corporations are clearly defined and enjoined. Nelson, Justice, page 614, says: "The statute is one of public concern, relating exclusively to the public welfare, and though permissive in its terms, it must be regarded, upon well-settled rules of construction, as imperative and peremptory upon the corporations where the statute directs the doing of something for the sake of justice or the public good. MAY means must or shall. The exercise of the power then becomes a duty, which the corporation are bound

to fulfill.    Idem, page 615.    The defense set up here,
that, in the judgment of the officers of the city corpo-
ration, the work on the street and the sewer was pro-
perly and sufficiently done to answer the purposes in-
tended, is immaterial to the law of the case.    They
were bound to make the sewer of sufficient size to
guard against accidental obstructions and extraor-
dinary freshets, and it is no excuse for a failure so
to construct it, that the engineer, or any other person
who constructed, thought it sufficient.    See Roches-
ter White Lead Company agt. City of Rochester, 3
Comstock, 466.    And the defendant was bound to ex-
ercise such caution and prudence in the construction
and care of the work as a discreet and cautious indi-
vidual would, if the whole loss or risk were to be
his alone.    Idem, 467.    Under the provisions of the
charter, power is given to the corporate authorities to
grade the streets, etc., within the city limits, and the
ordinance of the corporate authorities, directing such
public improvements, is judicial in its nature and ex-
tends immunity from *private* action for damages to
those who perform the duty; but there this immunity
ceases.    The further prosecution of the work is purely
of a ministerial character; the agents to perform it
are of their own selection, and they are bound to see
that it is done in a safe and skillful manner.    Further,
it is the duty of a municipal corporation to build a
sewer so that it will not be a nuisance to a neighbor-
hood, as much as it is to avoid the same result by
keeping it in repair after it is built.    People agt.
Corp. of Albany, 11 Wend., 543.    In support of these

The City of Leavenworth agt. Thomas Casey.

principles of law, as governing cases of this kind, almost innumerable cases of well-established authority might be cited, but we will only refer generally to some of those cited for our attention in the case at bar by the attorney for the defendant in error. Baily agt. The City of New York, 3 Hill, 353; McComb agt. The Town Council of Akron, 15 Ohio, 476; Rhodes agt. City of Cincinnati, 10 Ohio, 161; 2 Smith, 171–172; Conrad agt. The Trustees of the Town of Ithaca, 171. The charge of the judge, in this case, upon the law upon which the assignment of error is based, is but a succinct and plain statement of the law as established and administered by our courts of the highest authority, and is fully sustained by the cases here cited.

There is another assignment of error of a general import, viz.: "That the judgment of the court was given for the said Thomas Casey, when it ought to have been given for the City of Leavenworth, according to the law of the land." We have only to say here, that the record presents the case to this court as having been regularly and duly conducted and tried, in accordance with the forms and requirements of law, with a verdict of the jury and judgment thereon, and we find no error in that judgment, as rendered by the district court, to warrant us in reversing or modifying it in any way whatever. Considering all that is presented by the record of this case, and the assignment of errors therein, it might be considered that we have been too prolix and elaborate in our treatment and discussion of it. In excuse

thereof, we have to say that incorporated cities and towns are springing forth and multiplying within our territory so rapidly, and litigation is becoming so rife, in relation to the powers, rights, privileges, obligations and duties thereof, that we deemed it proper, as the court of the highest authority in the territory, to embrace this, the earliest opportunity, to declare the law, as we understand it, so far as we consistently could, with reference to the case at bar; and, by so doing, that we might best subserve the public interest.

ORDER.—Judgment of the district court is affirmed.